UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEFFREY STARK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-405 |
| | § | |
| SHAW ENVIRONMENTAL | § | |
| INFRASTRUCTURE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER TRANSFERRING CASE**

**I.**

Before the Court are the defendants, Shaw Environmental & Infrastructure, Inc. ("Shaw"), Traylor-Massman-Wecks, LLC ("TMW"), and Weeks Marine, Inc.'s ("Weeks") motions to transfer venue (Documents 18, 30, 47 and 48) and the plaintiff, Jeffrey Stark's response (Documents 35 and 36). The Court has reviewed the motions and response and determines that the motions are meritorious and should be granted.

**II.**

The Court improvidently transferred this case to the Eastern District of Louisiana when it overlooked its minute entry that permitted the plaintiff to respond to the defendants' motions to transfer after the Court ruled on the plaintiff's motion to remand this case to the state court where it was originally filed. The Court withdrew its Order and the plaintiff's responses are now before the Court. Also before the Court are the motions of TMW and Weeks, likewise, seeking transfer of this case.

The plaintiff's suit arises as a result of alleged injuries that he sustained on or about September 23, 2009, while employed with TMW on a job located in the Inner Harbor

Navigational Canal ("IHNC") in New Orleans, Louisiana.  The plaintiff brought the suit pursuant to 46 U.S.C. § 688, the "Jones Act" and general maritime and common law.  The plaintiff claims to be an "able bodied" seaman assigned to the defendant's vessel (unnamed) working as a pile-driving foreman building or rebuilding a flood wall in New Orleans.

The plaintiff filed his suit on or about August 9, 2010, in County Court at Law No. 1 of Galveston County, Texas.  On October 1, Shaw timely removed the case to this Court and, within 30 days, filed a motion to transfer the plaintiff's case to the Eastern District of Louisiana.  The plaintiff sought to remand the case to the county court based on *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204 (1964).  Pursuant to *Suarez*, the plaintiff argues that removal was improper and that the case should be remanded.  Additionally, the plaintiff argues that the defendants' motion for transfer, under 28 U.S.C. § 1404(a), is improper based on Shaw's inadequate transfer pleadings.  The Court denied remand and now addresses the defendants' motions for transfer.

### III.

The defendants argue that the plaintiff was an employee of TMW, not Shaw or Weeks.  The pleadings show, and the plaintiff does not dispute, that he was employed by TMW on the occasion.  At the time, TMW was an independent contractor of Shaw for the purpose of assisting Shaw construct a North and South floodwall in New Orleans.  Therefore, the defendants dispute the plaintiff's seaman status claim but, nevertheless, argue that because the accident occurred while he was working on the IHNC in New Orleans, Louisiana law governs the plaintiff's claims.  The defendants further contend that the majority of witnesses are located in New Orleans, the project is in New Orleans, the work performed by the plaintiff was performed in New Orleans, the plaintiff's alleged injuries occurred in New Orleans, and the defendant's employer TMW, admittedly was served through its registered agent in Mandeville, Louisiana.

Likewise, Shaw was served through its agent in Baton Rouge, Louisiana. Therefore, the defendants argue, for the convenience of the parties and witnesses, the plaintiff's case should be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

**IV.**

A motion to transfer venue from one district court to another is governed by 28 U.S.C. § 1404(a). Specifically, § 1404(a) gives a federal court discretion to "transfer any civil action to any other district or division where it might have been brought" if to do so would be convenient for the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a). "[T]he purpose of [this] section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack* 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co v. Barge F.B.L.*-585, 364 U.S. 19, 26-27 (1960)); *see also Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp.2d 786, 789 (S.D. Tex. 2005). The movant, however, bears the burden of proving that a transfer is necessary. *Spiegelberg,* 402 F. Supp.2d at 789; *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The first issue that a district court must consider in evaluating a motion under § 1404(a) "is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049, 124 S. Ct. 826, 157 L. Ed.2d 698 (2003); *see also In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Next, a district court must consider the issue of "the convenience of the parties and witnesses" which "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted); *see also Amini*

3

*Innovation Corp. Bank & Estate Liquidators, Inc.*, 512 F. Supp.2d 1029, 1043 (S.D. Tex. 2007).

The private interest factors include:

> (1) the relative case of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235. 241 n. 6 (1981)). The public interest factors to be considered are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.*

## V.

The evidence is undisputed that this suit "might have been brought" in the Eastern District of Louisiana. *See* § 1404(b); *In re Volkswagen AG*, 371 F.3d at 203. Therefore, the first or threshold consideration is satisfied in this case. The Court must next determine the issue of the convenience of the parties and witnesses.

The defendants proffer, without opposition, that (a) the alleged events that gave rise to the plaintiff's suit occurred in New Orleans, (b) the plaintiff does not reside in his chosen forum; it appears, without dispute that the plaintiff is a resident of the Eastern District of Texas; (c) of the presently identified potential witnesses, the majority reside and/or work in the Eastern District of Louisiana and there is a genuine concern that except for one (1) of the plaintiff's physicians, no witnesses reside in the Southern District of Texas; (d) the plaintiff's treating physicians, approximately nine (9), with one exception, maintain offices in the Eastern District

of Louisiana; (e) the Court's subpoena power concerning witnesses, trial, production of discovery is less than one-third (1/3) the distance between the majority of witnesses and the trial site; and, (f) the public interest factors of local interest, familiarity with local law and avoidance of conflicts of law weigh in favor of the transfer.

The plaintiff has supplemented his response since he filed his original response in February of 2011, and since TMW and Weeks also moved the Court to transfer the case. The plaintiff does not support his supplemental response with a proffer that contradicts the defendants' asserted facts. Counsel's declaration to his initial response, that directed the Court to various websites that informs the public that Weeks has a dredging contract for the Houston-Galveston Navigation Channel and that contains statistics or data that compares the caseload of the federal courts for the Eastern District of Louisiana and the Southern District of Texas, does not advance his position. The significance of these websites are not explained except as it relates to congestion of dockets and the fact that the defendants regularly do business in Texas and Shaw in particular has offices in Houston, Texas.

Beyond the data, there is no explanation concerning how these data support retaining the case in the Southern District of Texas. The plaintiff also cites to *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) for the proposition that multiple transfers are not favored. The facts and reasoning in this case do not support the plaintiff's position. This case was re-transferred to the Southern District of Texas in the interest of justice, not based on the merits or demerits of the motion to transfer or the plaintiff's response.

Finally, the Court has considered the private and public intent factors and determines that transfer should be and it is hereby GRANTED. It is ORDERED that this case be and it is Hereby TRANSFERRED to the Eastern District of Louisiana.

SIGNED at Houston, Texas this 12th day of April, 2011.

_____
Kenneth M. Hoyt
United States District Judge